(October 31, 1922.)

## No. 3493—STATE, Respondent, v. THOMAS ATHENS, Appellant.

[210 Pac. 133.]

CRIMINAL CASE—ARRAIGNMENT WITHOUT PRESENCE OF COUNSEL—CONTINUING CASE FOR TERM—CONSENT OF DEFENDANT—WAIVER.

1. A reporter's transcript which contains a record of all the proceedings relating to an order denying a motion to dismiss a criminal case, and also of the defendant's exceptions, may be used and considered as a bill of exceptions.

2. The fact that defendant in a criminal case was not represented by counsel on the arraignment is not ground for setting aside an order continuing the case for the term, in the absence of a showing that defendant requested and was refused the right to have counsel present.

3. Such an order, made with the defendant's consent, should not be set aside in the absence of a showing that his consent was obtained by duress or misrepresentation.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Appeal from judgment of conviction of unlawful possession of intoxicating liquor. *Affirmed.*

Peterson & Coffin, for Appellant.

The district court erred in refusing to grant defendant's motion to dismiss the prosecution. (*In re Jay,* 10 Ida. 540, 79 Pac. 202; *People v. Holmes,* 13 Cal. App. 212, 109 Pac. 489; *Ex parte Ford,* 160 Cal. 334, Ann. Cas. 1912D, 1267, 116 Pac. 757, 35 L. R. A., N. S., 882.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

In order to review the action of the court in denying a motion to dismiss it must be incorporated in a bill of exceptions. (C. S., secs. 9006, 9007, 9013; *State v. Snook,* 34

Ida. 403, 201 Pac. 494; *State v. Poynter*, 34 Ida. 504, 205 Pac. 561, 208 Pac. 871.)

Appellant waives his right to a dismissal of a charge for failure to try at the next term of court at which the indictment is triable after it is found, by making application for postponement of the same. (C. S., sec. 9176; 16 C. J., sec. 814, p. 448, note 53, and cases cited.)

A defendant's objection to an immediate trial is equivalent to a delay granted at his request. (16 C. J., sec. 803, p. 444, note 73, and cases cited.)

McCARTHY, J.—This appeal is from a judgment of conviction of unlawful possession of intoxicating liquor. The single assignment of error is that the court erred in denying appellant's motion to dismiss on the ground that the action was not brought on for trial at the next term of court after the information was filed. Appellant relies on the following provision of C. S., sec. 9176:

"Sec. 9176. The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases: . . . .

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found."

The information was filed November 14, 1918. The next term of court in Bannock county began January 13, 1919, and ended November 8, 1919. Appellant's arraignment was postponed until near the end of the term—too late to admit of his being tried at that term and still have the benefit of C. S., sec. 8909, which is as follows:

"Sec. 8909. After his plea the defendant is entitled to at least two days to prepare for trial."

He was arraigned, after notice, on November 7, the next to the last day of the term. The minutes are as follows:

"The above named defendant was arraigned in open court on this day, upon an information heretofore filed against him by the County Prosecuting Attorney, charging

36 Idaho.—15

him with the crime of having in his possession intoxicating liquor. Being asked by the Court if Tom Athens is his true name, he answers that it is. The defendant was advised by the Court that he was entitled to counsel, and information was read to said defendant by the Clerk. Being informed by the Court of the nature of the information, and requested to plead thereto, said defendant waived the statutory time in which to plead, and at this time enters a plea of not guilty.

"Upon motion of the defendant, it is ordered that said cause be, and the same hereby is, continued for the term."

Later, on the 7th, appellant reappeared in court with counsel, who requested that the order for continuance of the case be revoked and that appellant be given a trial during that term. The next day a formal motion to dismiss was made and denied. In the order denying it the court included the following recitals:

" . . . . the defendant having been advised of his statutory rights in open court, and the defendant having advised the court that he was without counsel in the . . . . case, but was able to, and intended to retain counsel in said case, and the court having explained to said defendant in open court the reasons he had not heretofore been arraigned, and the purpose of his arraignment, on the said 7th day of November, 1919, and that if he, the said defendant, so demanded, the court would issue an order for a special venire and give him a trial upon said charge on the 8th day of November, 1919, and that in the event he did not desire to be tried on the 8th day of November, 1919, and desired a continuance of said case until the term of said court commencing November 10th, 1919, it would only be a matter of about two weeks until his trial would come on for hearing at the said term of said court commencing November 10th, 1919; and, after said explanation so made, the defendant . . . . stated to the court that he did not desire to be tried upon said charge upon the 8th day of November, 1919, but desired a continuance of said case for the present term of said court and until the next term

thereof, and acting upon said request of the said defendant . . . . the court . . . . made the order continuing said case for the present term of court and until the term thereof commencing November 10th, 1919.''

The state contends that the point is not properly before this court, because, in order to review an order denying a motion to dismiss, a bill of exceptions is necessary; and this case is brought here by a reporter's transcript. It shows the proceedings had at the time the motion to dismiss was made and denied, and also the exception taken to the denial. It contains all the essentials of a bill of exceptions. It is, therefore, for all practical purposes, a bill of exceptions, and the matter is properly before this court.

Appellant contends that he was denied his rights guaranteed by C. S., sec. 8621, which reads:

''Sec. 8621. In a criminal action the defendant is entitled:

''1. To a speedy and public trial.

''2. To be allowed counsel as in civil actions, or to appear and defend in person and with counsel.''

There is nothing in the record to indicate that appellant was denied the right to counsel. The same statute that gave him the right to counsel gave him the right to appear for himself. It does not appear that appellant asked and was refused the privilege of having counsel present at the arraignment, or of consulting counsel before proceeding with it. There is nothing in the record inconsistent with the idea that he voluntarily consented to be arraigned without the presence or advice of counsel.

Appellant also contends he was denied his rights guaranteed by C. S., secs. 9176 and 8909, that the court ''gave him a veritable Hobson's choice, namely, either to consent to a trial on the following day in violation of the right guaranteed him under section 8909, or himself request a continuance in ignorance of his right under section 9176.''

The order for a continuance was made with his consent. He had a right to have it set aside if it was obtained by

duress or misrepresentation, because in that case his consent would not be voluntary. He had no right to have it set aside if his consent was voluntary. There is nothing in the record tending to show that his consent was obtained by duress or misrepresentation. On the contrary, it appears that he consented of his own free will. The trial judge was under no obligation to inform appellant that he was in a position to move for the dismissal of the case.

The judgment is affirmed.

Budge and Dunn, JJ., concur.